Ben A. Snipes
Shelby B. Stover
KOVACICH SNIPES JOHNSON, PC
P.O. Box 2325
Great Falls, MT 59403
406-761-5595
ben@justicemt.com
shelby@justicemt.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

_____

| | | |
|---|---|---|
| HARVEY HAMBURG, | ) | CAUSE NO. CV-24-149-BLG_TJC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY** |
| | ) | **DEMAND** |
| MONTANA-DAKOTA UTILITIES | ) | |
| CO. (f/k/a MDU RESOURCES | ) | |
| GROUP, INC.); and DOES A-Z, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff, Harvey Hamburg, demanding trial by jury, and for his complaint against Defendants, alleges as follows:

**PARTIES**

**1.**

Plaintiff is a natural person who is a resident of Savage, Richland County, Montana.

**2.**

Defendant Montana-Dakota Utilities Co., f/k/a MDU Resources Group, Inc. ("MDU"), is a business corporation for profit organized and existing under the laws of Delaware with its principal place of business in the State of North Dakota.

**3.**

The true names and capacities of Defendants named herein as Does A-Z are unknown to Plaintiff. Plaintiff therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint and Jury Demand to state the true names and capacities of Does A-Z when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by said Defendants' unlawful acts or omissions. Defendant Does A-Z are natural persons, corporations, partnerships, joint ventures, governmental entities, political subdivisions, or other legal entities who are legally liable for Plaintiff's injuries and damages as hereinafter alleged.

## JURISDICTION AND VENUE

**4.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a), because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and cost.

**5.**

Plaintiff is a citizen of Montana, and MDU is a citizen of Delaware and North Dakota.

**6.**

Plaintiff seeks damages in excess of $75,000.

**7.**

Venue is proper in the Billings division of this Court because Plaintiff resides in Richland County, within the Billings division, and because MDU engaged in conduct resulting in the accrual of this tort action in Richland County, within the Billings division.

## GENERAL ALLEGATIONS

**8.**

At all times relevant to this action, MDU, and/or its predecessors or successors in interest, operated the "Lewis & Clark Station," a power plant located in Sidney, Richland County, Montana.

**9.**

Plaintiff was employed by MDU at the Lewis & Clark Station from 1958 to 1999, in Sidney, Richland County, Montana. During his 40-year career, Plaintiff worked in the yard crew, as an auxiliary man in operations, as a fire man, in maintenance, and then as the foreman for the yard crew. Plaintiff's job duties required him to work with asbestos and asbestos-containing materials ("ACM"). As a direct and proximate result of Plaintiff's employment duties and the work environment provided by MDU, Plaintiff was continually exposed to, inhaled, and/or ingested asbestos.

**10.**

At all times during Plaintiff's employment, MDU knew that exposure to asbestos was unreasonably dangerous and hazardous to Plaintiff's health. MDU knew that its work environment created a high degree of harm to Plaintiff and similarly situated employees. MDU failed to provide Plaintiff and his co-workers with adequate protective devices and failed to warn the workers of the known and unreasonably dangerous and ultrahazardous nature of the contaminants they were exposed to in the workplace.

**11.**

As a direct and proximate result of his employment with MDU, and the ultrahazardous working conditions under which he was required to perform his work, Plaintiff developed asbestos-related lung disease.

**12.**

Plaintiff's asbestos-related lung disease and the damages caused thereby, were proximately caused by the unlawful acts and omissions of Defendants.

**13.**

Each unlawful act or omission and each violation of law alleged herein was committed by an employee or agent of Defendants acting in the scope of their employment and in furtherance of Defendants' business interests; and each unlawful act or omission and violation of law alleged herein is imputable to Defendants.

## FIRST CAUSE OF ACTION

**(Negligence)**

**14.**

Plaintiff realleges paragraphs 1 through 13 above as paragraphs 1 through 13 of this First Cause of Action.

**15.**

Defendants had a duty to avoid exposing Plaintiff to unreasonably dangerous and hazardous asbestos and ACM's associated with their ownership or operation of the Lewis & Clark Station.

**16.**

Defendants breached their duty of care by causing Plaintiff and other workers to be repeatedly exposed to asbestos and ACM's, directly and proximately causing Plaintiff to develop his asbestos-related lung disease.

**17.**

The negligence of Defendants, in addition to that hereinabove alleged, included:

A. Creating a defective and dangerous condition;

B. Failing to properly inspect the premises for unsafe conditions;

C. Failing to correct unsafe conditions;

D. Failing to warn the workers and others frequenting the premises, including Plaintiff, of the dangers of asbestos and ACM's present in and around the premises;

E. Failing to provide proper safeguards against exposure to asbestos and ACMs; and

F.  Improper and negligent supervision, which permitted the ultrahazarous and dangerous conditions to persist.

**18.**

As a direct and proximate result of Defendants' negligence, and the ultrahazardous working conditions caused thereby, Plaintiff developed lung disease, which was first diagnosed in March of 2024.

**SECOND CAUSE OF ACTION**

**(Strict Liability)**

**19.**

Plaintiff realleges paragraphs 1 through 18 above as paragraphs 1 through 18 of this Second Cause of Action.

**20.**

Defendants failed to control and exposed Plaintiff and his coworkers to asbestos and ACM's, each of which was and is an ultrahazardous and unreasonably dangerous substance.

**21.**

Defendants are strictly liable to Plaintiff for damages caused by Plaintiff's exposure to asbestos and ACM's in the workplace.

**22.**

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff was exposed to unreasonably dangerous and ultrahazardous materials, contracted asbestos-related lung disease, and suffered injury and damages as alleged herein.

## THIRD CAUSE OF ACTION

**(Safe Place to Work)**

**23.**

Plaintiff realleges paragraphs 1 through 22 above as paragraphs 1 through 22 of this Third Cause of Action.

**24.**

Defendants failed to provide Plaintiff with a safe place to work and with safe equipment with which to perform his work. During Plaintiff's employment, Defendants used known dangerous products in the workplace, inclusive of asbestos and ACM's.

**25.**

As a direct and proximate result of Defendants' failure to provide Plaintiff and his coworkers with a safe place to work, Plaintiff developed asbestos-related lung disease, permanent injury, and damages as herein alleged.

## DAMAGES

**26.**

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered serious and permanent injury as herein alleged.

**27.**

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has, and will continue to, incur substantial medical expenses for ongoing medical treatment, including expenses of last illness; has experienced, and will continue to experience, great physical and mental pain and suffering; and, has suffered irretrievable damage or destruction to his established course and way of life.

**28.**

Defendants, and each of them, had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff and his coworkers and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury, or deliberately proceeded to act with indifference to that high probability of injury. Such conduct justifies further discovery and the potential imposition of punitive or exemplary damages in a sufficient amount to punish each and all of the Defendants and to serve as a warning to each of the Defendants, and all other legal entities similarly situated, that conduct of the kind engaged in by Defendants is unacceptable in our society, contrary to the public

interest and will not be tolerated. Plaintiff reserves the right to amend this Complaint to assert a claim requesting punitive damages as contemplated in § 27-1-122(5), MCA.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for damages including the following:

1. Reasonable compensation for Plaintiff's past and future medical expenses;

2. Reasonable compensation for Plaintiff's past and future mental and physical pain and suffering;

3. Reasonable compensation for Plaintiff's loss of and/or destruction of his established course and way of life;

4. Reasonable compensation for Plaintiff's diminished life expectancy;

5. Costs and disbursements incurred herein; and,

6. For such other and further relief as the Court may deem appropriate.

DATED this 9th day of October, 2024.

          KOVACICH SNIPES JOHNSON, P.C.

        BY: /s/ Ben A. Snipes
          Ben A. Snipes
          P.O. Box 2325
          Great Falls, MT 59403
          Attorneys for Plaintiff